IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CLIFFORD PIPES, III                                                                                    PLAINTIFF
ADC #144242

v.                                            4:20-cv-01324-KGB-JJV

SHELBY POYEN, Nurse,
ADC Medical/Dental Services, Diagnostic Unit                                           DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I.   **INTRODUCTION**

Clifford Pipes, III ("Plaintiff") is a convicted prisoner being held at the Poinsett County

1

Detention Center.[1]  He has filed a *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 4.)  For the following reasons, I recommend the Amended Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[2]

## II.   DISCUSSION

Plaintiff says that on October 14, 2020, which was while he was in the Poinsett County Detention Center, he sent a Medical Request form to the ADC asking for a COVID-19 test because "no one" at the jail had been tested.  (Doc. 4 at 6.)  On October 16, 2020, Defendant Nurse Shelby Poyen at the ADC Diagnostic Unit denied the request without examining Plaintiff because there was "no indication for [a] COVID test @ this time."  (*Id.* at 6.)  I conclude, for the following reasons, that the Amended Complaint fails to state a claim upon which relief may be granted.

The Constitution requires jails and prisons officials to provide adequate medical care to those confined in their facilities.  *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2018); *Barton v. Taber*, 908 F.3d 1119, 1123–24 (8th Cir. 2018).  But, the bar for pleading a plausible inadequate medical care claim is high.  Specifically, a complaint must contain facts suggesting: (1) the plaintiff had an objectively serious need for medical care; and (2) the defendant subjectively knew of, but deliberately disregarded, that serious medical need.  (*Id*.)  As to the second requirement, deliberate indifference is a high threshold that goes well beyond negligence or gross

---

[1]  According to the Arkansas Department of Correction ("ADC") website, Plaintiff was sentenced on November 24, 2020, and is currently on the waiting list to be transferred to the ADC. https://apps.ark.org/inmate_info/search.php.

[2]  The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

negligence. (*Id.*) It "requires proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).

Plaintiff does not allege he had COVID-19 symptoms, that he had been recently exposed to someone who had that disease, or that he otherwise had an objectively serious medical need for testing. Thus, his Complaint does not satisfy the first element. As to the second element, it is well settled that prison medical providers "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921–22 (8th Cir. 2018). Thus, a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* Plaintiff has not pled any facts suggesting Defendant Poyen acted with deliberate indifference when she determined, in her professional medical opinion, that there was no need to examine or test him for COVID-19. Thus, he has failed to plead a plausible inadequate medical care claim.

Additionally, a prisoner seeking relief under § 1983 must satisfy basic constitutional standing requirements. *Johnson v. State of Mo.*, 142 F.3d 1087, 1088 (8th Cir. 1998). To establish standing, a plaintiff must show he suffered "an injury in fact traceable to the defendant's conduct." *Mitchell v. Dakota Cty. Social Servs.*, 959 F.3d 887, 896 (8th Cir. 2020); *Roubideaux v. N.D. Dep't of Corr. & Rehab.*, 570 F.3d 966, 972 (8th Cir. 2009). Plaintiff does not allege he contracted COVID-19 or that he was harmed, in any way, by Defendant Poyen's refusal to give him a COVID-19 test. Thus, he does not have standing to bring a constitutional claim against her.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention and given him the opportunity to file an Amended Complaint curing them. (Doc. 3.) However, his Amended Complaint does not state a plausible § 1983 claim for relief.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Amended Complaint (Doc. 4) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.     Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 4th day of December 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."